NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000895
31-OCT-2019
08:49 AM

NO. CAAP-17-0000895

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP,
also known as KAMEHAMEHA SCHOOLS, Plaintiff/Counterclaim
Defendant-Appellee, v. RONALD G.S. AU,
Defendant/Counterclaimant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0420-02)


ORDER DISMISSING APPEAL
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Defendant/Counterclaimant-Appellant, Ronald G.S. Au (Au) appeals from the following four post-judgment orders entered by the Circuit Court of the First Circuit (Circuit Court):

1. the June 21, 2017 denial of "Ronald G.S. Au's Motion to Recuse or Disqualify Judge Rhonda A. Nishimura on the Basis of Conflict of Interest, Bias and Prejudice From Civil No. 13-1-0420-02 [RAN] and Civil No. 15-1-1452-07 [RAN]" (Recusal Denial);

2. the May 18, 2016 "Order Denying Without Prejudice Defendant/Counterclaimant's April 13, 2016 Request Re: Prefiling Order" (Order Denying Leave to Move to Vacate) denying permission to file a motion to vacate or set aside the June 12, 2015 Final Judgment on a theory that Judge Nishimura should recuse herself;

3.   the July 1, 2016 "Order Denying Without Prejudice Defendant/Counterclaimant's June 22, 2016 Request to File Motion to Recuse or Disqualify Judge Rhonda A. Nishimura on the Basis of Conflict of Interest, Bias and Prejudice From Civil No. 13-1-0420-02 [RAN] and Civil No. 15-1-1452-078 [RAN]" (Order Denying Leave to Move to Disqualify); and

4.   the December 4, 2017 "First Amended Order Granting Mr. Au's Motion to Vacate and Set Aside Garnishee Orders, Summons and Attachments Filed on Garnishee Banks and Financial Institutions (Motion filed 10/26/17)" (Order Vacating Garnishee Orders)[1].

On appeal, Au contends that Judge Nishimura abused her discretion or committed willful misconduct in denying his requests to file and denying a filed motion to disqualify or to recuse herself.

The parties agree that since the Order Denying Leave to Move to Vacate, the Order Denying Leave to Move to Disqualify, and the Recusal Denial, Judge Nishimura has retired and Judge Crabtree has been assigned to this case.  Au recognizes that, in a related case, Au v. Kawika Burgess, Civil No. 15-1-1452-07, Judge Nishimura's denial of the motions to disqualify are moot as

---

[1]   The Honorable Rhonda A. Nishimura entered the first three orders and the Honorable Jeffrey P. Crabtree entered the fourth.

Au timely appealed from the December 4, 2017 Order Vacating Garnishee Orders, the post-judgment order that finally determined, and thus ended all of the existing post-judgment garnishment proceedings in this case. See Ditto v. McCurdy, 103 Hawai'i 153, 157-58, 80 P.3d 974, 978-79 (2003). Plaintiff/Counterclaim Defendant-Appellee Trustees of the Estate of Bernice Pauahi Bishop, also known as Kamehameha Schools, argues that Au's appeal from the Order Denying Leave to Move to Vacate and the Order Denying Leave to Move to Disqualify is untimely.  However, where a party is appealing from a post-judgment order, "this court will . . . consider other orders which were preliminary rulings upon which the subject Order was predicated or were part of the series of orders which collectively led to that Order." Cook v. Surety Life Ins. Co., 79 Hawai'i 403, 409, 903 P.2d 708, 714 (App. 1995).

It appears that Au appealed the Order Vacating Garnishee Orders solely to obtain review of the other three orders.  In any event, as Au does not argue why this order was entered in error, we decline to consider it further.  See Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(7) ("Points not argued may be deemed waived.").

to that case. Although not clear, Au appears to point to the continued vitality of an order entered by Judge Nishimura in the case from which this appeal is brought (Civil No. 13-1-0420-02), declaring Au a vexatious litigant (Vexatious Litigant Order), and claims it constitutes a "collateral consequence" which excepts this appeal from the mootness doctrine.

> A case is moot if it has lost its character as a present, live controversy of the kind that must exist if courts are to avoid advisory opinions on abstract propositions of law. The rule is one of the prudential rules of judicial self-governance founded in concern about the proper—and properly limited—role of the courts in a democratic society. We have said the suit must remain alive throughout the course of litigation to the moment of final appellate disposition to escape the mootness bar.
>
> Simply put, <u>a case is moot if the reviewing court can no longer grant effective relief</u>.

<u>Kaho'ohanohano v. State</u>, 114 Hawai'i 302, 332, 162 P.3d 696, 726 (2007) (citations, internal quotations marks, emphasis, brackets, and block format indenting omitted) (emphasis added). There are two conditions for justiciability: adverse interest and effective remedy. <u>Lathrop v. Sakatani</u>, 111 Hawai'i 307, 312-13, 141 P.3d 480, 485-86 (2006) (quoting <u>Wong v. Bd. of Regents, Univ. of Hawai'i</u>, 62 Haw. 391, 394, 616 P.2d 201, 203-04 (1980)).

In this case, regardless of the merits of Au's claim, we can offer no effective remedy. The circuit judge in this case has retired and the judge will not preside over any further proceedings in this case.

Au states in his conclusion that we "should reverse and remand for trial by jury CAAP-15-0000466 and CAAP-16-0000235 determining the Trial Judge abused her power and sustain Au's motion to recuse or disqualify Judge Nishimura." Both of these appeals—the first from the judgment[2] and the latter from the

---

[2] We note that the judgment was entered based on the grant of summary judgment which this court reviewed *de novo*; the Hawai'i Supreme Court subsequently denied certiorari review. <u>Trs. of Estate of Bishop v. Au</u>, 141 Hawai'i 248, 407 P.3d 1284, CAAP-15-0000466, 2017 WL 6614566, at *1 (App. Dec. 22, 2017) (Amended SDO), certiorari rejected, SCWC-15-0000466, 2018 WL 1835828 (Haw. Apr. 18, 2018).

Vexatious Litigant Order--have been decided, affirming the rulings made by Judge Nishimura.

Thus, review of the question whether Judge Nishimura should have disqualified herself is moot. Poka v. Holi, 44 Haw. 483, 483, 357 P.2d 110, 111 (1963) (holding that a motion to disqualify a judge is moot where the judge who presided over the trial is no longer on the bench); State v. Chatman, 144 Hawai'i 20, 434 P.3d 1215, SCWC-16-0000429, 2019 WL 912118, at *3 (Haw. Feb. 22, 2019) (SDO) ("Because the circuit court judge in this case has retired, the judge will not preside over any further proceedings involving [the Appellant]. Accordingly, [the Appellant's] Motion for Disqualification is moot.") (citing State v. Fukusaku, 85 Hawai'i 462, 474-75, 946 P.2d 32, 44-45 (1997) ("[T]he mootness doctrine is properly invoked where events have so affected relations between the parties that the two conditions for justiciability relevant on appeal--adverse interest and effective remedy--have been compromised."))

At best, Au's arguments amount to assertion that the collateral consequences exception applies. Hamilton ex rel. Lethem v. Lethem, 119 Hawai'i 1, 5-10, 193 P.3d 839, 843-48 (2008) (recognizing three exceptions to the mootness doctrine: "capable of repetition, yet evading review;" public interest and collateral consequences).

Under the first exception, "[t]he phrase, 'capable of repetition, yet evading review.' means that 'a court will not dismiss a case on the grounds of mootness where a challenged governmental action would evade full review because the passage of time would prevent any single plaintiff from remaining subject to the restriction complained of for the period necessary to complete the lawsuit.'" In re Thomas, 73 Haw. 223, 226-27, 832 P.2d 253, 255 (1992) (quoting Life of the Land v. Burns, 59 Haw. 244, 251, 580 P.2d 402, 409-10 (1978). Where the issue is whether a judge should have recused him or herself, the mere passage of time would not prevent review as the time remaining on

4

a judge's term could easily exceed the time for an appeal to be completed.

"When analyzing the public interest exception, [the appellate court] looks to (1) the public or private nature of the question presented, (2) the desirability of an authoritative determination for future guidance of public officers, and (3) the likelihood of future recurrence of the question." Hamilton, 119 Hawai'i at 6-7, 193 P.3d at 844-45 (brackets omitted) (quoting Doe v. Doe, 116 Hawai'i 323, 327, 172 P.3d 1067, 1071 (2007)). In this jurisdiction, the public interest exception is primarily invoked in cases that "involve political or legislative matters that will affect a significant number of people." Hamilton, 119 Hawai'i at 7, 193 P.3d at 845. In this case, the question presented is peculiar to the parties involved in this case. There is no evidence in the record that the issues presented are of a political or legislative nature or that they will affect a significant number of people. Thus, this case does not fall under the public interest exception to the mootness doctrine.

Under the collateral consequences exception, a case will not be moot where "there is a reasonable possibility that prejudicial collateral consequences will occur." Hamilton at 8, 193 P.3d at 846 (emphasis omitted); see State v. Nakanelua, 134 Hawai'i 489, 502-03, 345 P.3d 155, 169-70 (2015) (holding that the collateral consequences exception applies where an order remaining in place could be used against a party in later prohibited practice determinations); State v. Tierney, 127 Hawai'i 157, 172, 277 P.3d 251, 266 (2012) ("Criminal convictions have collateral consequences even after sentences have been served"). In this case, the Vexatious Litigant Order was affirmed on appeal by this court. Trs. of the Estate of Bernice Pauahi Bishop v. Au, 144 Hawai'i 434, 443 P.3d 126, CAAP-16-0000235, 2019 WL 2714818, at *5 (App. Jul. 26, 2019) (SDO). As the validity of this order has already been reviewed and affirmed, the continued vitality of the Vexatious Litigant Order cannot be considered a prejudicial collateral consequence of the

denial of Au's efforts to have Judge Nishimura recused or disqualified and does not qualify under the collateral consequence exception to the mootness doctrine.

For the foregoing reasons, this appeal is dismissed as moot.

DATED:   Honolulu, Hawai'i, October 31, 2019.

On the briefs:

Ronald G.S. Au,
Defendant/Counterclaimant-
Appellant, pro se.

Dennis W. Chong Kee
Christopher T. Goodin
(Cades Schutte)
for Plaintiffs/Counterclaim
Defendants-Appellees.

Chief Judge

Associate Judge

Associate Judge

6